# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **REGINALD L. MCCOY**<br>   **FED. REG. #11732-018** | **CIVIL ACTION NO.  2:11-CV-2177** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **HARVEY G. LAPIN, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on November 28, 2011, by petitioner Reginald L. McCoy.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP).  At the time of filing, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  He was subsequently transferred to USP-McCreary, Pine Knot, Kentucky.  Petitioner names Harvey G. Lappin, Eric B. Holder, and FCIO warden, J.P. Young, as defendants.  Petitioner alleges that the conviction imposed by the United States District Court for the Middle District of Florida (Tampa) is void and that he is innocent.  Petitioner also argues that his trial counsel was ineffective.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On or about June 1, 1991, after a jury trial in the United States District Court for the Middle District of Florida, petitioner was found guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute 50 grams or more of cocaine base. Doc. 1, pp. 142-43. Petitioner was sentenced to life imprisonment in federal prison, based on the underlying charges and sentencing enhancements for prior drug convictions pursuant to 21 U.S.C. §841. *Id.* Petitioner appealed the judgment of conviction and sentence but both were affirmed by the Eleventh Circuit Court of Appeals on November 15, 1994. *US v Smith*, 41 F.3d 667 (11th Cir.1994). Certiorari was denied by the United States Supreme Court on March 27, 1995. *McCoy v US,* 514 U.S. 1041 (1995).

Petitioner then filed several motions to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, which were all denied or dismissed. Petitioner also filed several petitions for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. These petitions were also denied or dismissed.

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 28, 2011. His petition claims actual innocence, ineffective assistance of counsel, conviction of a non-existent crime, and a defective sentence enhancement.

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A motion to vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det.*

*Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  Here, petitioner collaterally attacks his incarceration arguing errors such as lack of jurisdiction by the Middle District of Florida to execute his sentence because the government failed to establish proof of prior convictions that were used to enhance his sentence.  Since petitioner is contesting errors occurring during trial or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 motion to vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause."  See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).  The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective.  *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.  Consequently, he is unable to carry

his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir.2003).

*Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

**IT IS ALSO RECOMMENDED** that petitioner's motion to transfer [doc. 12], motion for default judgment [doc. 15], motion for summary judgment [doc. 18], and his motion for immediate release [doc. 20] be denied.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

-4-

**the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE